IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:12-cv-01255-WYD-KMT

CLAIRE BRAINERD,

      Plaintiff,

vs.

SCHLUMBERGER TECHNOLOGY CORP.,

      Defendant.

## **PROTECTIVE ORDER**

Certain documents of the parties contain sensitive confidential, proprietary, and valuable trade secrets and information, the disclosure of which could be harmful to the parties' businesses and affect their competitiveness and the confidentiality of which outweighs the public's interest in full access to all documents related to this Litigation.  Further, the parties may maintain other records containing confidential information concerning its personnel, the disclosure of which could be adverse to those individuals.  However, some of the above-described records may contain information relevant to Plaintiff's claims and, thus, be discoverable.  Accordingly, counsel for the Defendant and counsel for the Plaintiff herein stipulate and agree, that the following provisions are in place concerning the documents, discovery responses, depositions and other items produced, exchanged or otherwise utilized in this lawsuit:

### **Definitions**

1.     The terms defined in Paragraph 1 shall have the meaning provided.  Defined terms may be used in the singular or plural.

1.1. **"Producing Party"** means the Party or person who produces or who is asked to produce documents or information that the Party or person considers to be Confidential or Highly Confidential.

1.2. **"Receiving Party"** means the Party receiving or requesting the production of documents or information designated as Confidential or Highly Confidential.

1.3. The **"Litigation"** means the lawsuit captioned above, including all discovery proceedings, hearings, preparation and pre-trial, trial, and post-trial activities related thereto.

1.4. **"Litigation Documents"** means all pleadings, motions, affidavits and related papers, answers to interrogatories, all documents produced or exchanged in the course of discovery, settlement negotiations, trial preparation or trial, and all transcripts of testimony given in depositions, in hearings or at trial in connection with the Litigation.

1.5. **"Parties"** shall mean the Parties to this Litigation:   Plaintiff, Claire Brainerd, and Defendant, Schlumberger, and all agents thereof.

1.6. **"Non-party"** shall mean any entity or individual that is not a party to this Litigation.

## Confidential and Highly Confidential Information

2. The terms "Confidential Information" and "Highly Confidential Information" shall have the meaning provided below:

2.1. **"Confidential Information"** means all information, whether or not embodied in a document or other physical medium, which the Producing Party believes in good faith lends to it a competitive advantage over others who do not possess such information, as well as confidential private, or personal information relating to any individual Party of employee or former employee of the Party, which the Producing Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence.  Confidential Information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Confidential Information. Documents designated as "Confidential Information" must include trade secrets, confidential research, development, or commercial information, or confidential information related to business operations, finances, employees, or medical condition as   described in the Federal Rules of Civil Procedure Rule 26(c)(1)(G).

2.2.    **"Highly Confidential Information"** means all information, whether or not embodied in a document or other physical medium, which the Producing Party believes in good faith contains or reflects proprietary information, trade secrets or competitive or commercial information of a sensitive nature that disclosure to another party or an employee or officer of such other party may cause competitive injury.  Highly Confidential information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Confidential Information. Documents designated as "Highly Confidential Information" must include trade secrets, confidential research, development, or commercial information, or confidential information related to business operations or finances, as described in the Federal Rules of  Civil Procedure Rule 26(c)(1)(G).

### Inspection of "Confidential Information"

3.      Each person to whom "Confidential Information" is disclosed or made available, including experts or consultants retained by one or more of the Parties, shall first be advised of the existence and the contents of this Order and shall agree in writing to be bound by its terms and conditions (collectively "Protective Order Agreements").  Counsel for the Receiving Party shall maintain the Protective Order Agreements throughout the course of this Litigation and shall provide copies of same to the Court and the Producing Party upon request if there are specific questions about potential violations of or compliance with this Protective Order and/or a corresponding Protective Order Agreement by an identifiable individual who has been given the opportunity to review "Confidential Information" produced in this Litigation by any Party.

4.      "Confidential Information" may only be inspected or revealed to the following persons:

a.      The Court, Court personnel, court reporters reporting during deposition, hearing or trial testimony, jury, and/or mediator;

b.      Counsel of record for the Parties in this Litigation, including regular employees who provide assistance for purposes of discovery, preparation for trial, and/or trial of this case as a part of their regular duties, as well as persons or agents employed by them and/or under contract with said attorneys' of record;

3

c.      A Party and designated representatives of a named party who is an entity who are directly involved in the handling and/or administration of the Litigation or who, in the good faith judgment of the Party's counsel, need to have access to "Confidential Information" for a legitimate need.  Each party's counsel shall take reasonable steps to assure that "Confidential Information" is not disclosed to corporate employees who are not so designated;

d.      Independent experts retained by the Parties in connection with this Litigation who have a legitimate need to review such "Confidential Information" for purposes of this Litigation;

e.      Witnesses who have authored or had authorized access from the Producing Party to the "Confidential Information" prior to this Litigation, from whom the Receiving Party's attorney deems it necessary to obtain testimony for this Litigation.  For purposes of trial, the identity of any such witnesses must be disclosed thirty (30) days before trial or the discovery cutoff date, whichever date is earlier.  No copies of "Confidential Information" shall be sent to or retained by any such Witness;

f.      Any person who is designated to receive "Confidential Information" by Order of Court or agreement of the parties; and

g.      In-house attorneys for Schlumberger.

### <u>Inspection of "Highly Confidential Information"</u>

5.      Each person to whom "Highly Confidential Information" is disclosed or made available, including experts or consultants retained by one or more of the Parties, shall first be advised of the existence and the contents of this Order and shall agree in writing by signing a Protective Order Agreement to be bound by the terms and conditions of this Protective Order. Counsel for the Receiving Party Shall maintain the Protective Order Agreements throughout the course of this Litigation and shall provide copies of same to the Court and the Producing Party upon request if there are specific questions about potential violations of or compliance with this Protective Order and/or a corresponding Protective Order Agreement by an identifiable

individual who has been given the opportunity to review "Highly Confidential Information" produced in this Litigation by any Party.

6.      "Highly Confidential Information" may only be inspected or revealed to the following persons:

> a.      The Court, Court personnel, Court reporters reporting during deposition, hearing, or trial testimony, jury and/or mediator;
>
> b.      Counsel of record for the Parties in this Litigation, including regular employees who provide assistance for purposes of discovery, preparation for trial, and/or trial of this case as a part of their regular duties, as well as person or agents employed by them and/or under contract with said attorneys' of record;
>
> c.      In-house attorneys for Schlumberger;
>
> d.      Independent experts retained by the Parties in connection with this Litigation, who have a legitimate need to review such "Highly Confidential Information" for purposes of this Litigation; and
>
> e.      The Plaintiff insomuch as they authored or had authorized access to the "Highly Confidential Information" during their employment with Schlumberger, but only at the offices of, and in the presence of, their respective counsel of record or at his deposition.  No copies of "Highly Confidential Information" shall be sent to or retained by Plaintiff.

**Use of "Confidential Information" or "Highly Confidential Information"**

7.      All "Confidential Information" and "Highly Confidential Information" shall be used solely for the purposes of this Litigation and as permitted by and subject to this Protective Order.   Under no circumstances may "Confidential Information" or "Highly Confidential Information" be used for non-Litigation purposes or in any matter, controversy, mediation, arbitration, or litigation now pending or later filed other than this Litigation.

8.      No Party or person shall make or permit the making of more copies of any "Confidential Information" than are necessary to conduct settlement negotiations, discovery or litigation relating to the matters referenced herein.  Counsel of record for each Party shall retain

custody of all copies of "Confidential Information" and "Highly Confidential Information" produced to said attorneys at all times, unless otherwise agreed to by the Producing Party in writing.

9.      No "Confidential Information" or "Highly Confidential Information" shall be filed in an open court file associated with this Litigation or any other action.  The Court shall determine, at a later date and with the consultation of the Parties' counsel, how to address the admission of "Confidential Information" or "Highly Confidential Information" offered during open Court proceedings.

**Designation of "Confidential Information" or "Highly Confidential Information"**

10.      The Producing Party shall clearly mark or designate in writing any Litigation Document, including discovery responses, to be treated as "Confidential Information" or "Highly Confidential Information" under the terms of this Protective Order.  Additionally, Parties other than the Producing Party may, within thirty days of the production of any Litigation Document not designated as "Confidential Information" or "Highly Confidential Information", designate in writing to all other Parties any Litigation Document, including discovery responses, to be treated as "Confidential Information" or "Highly Confidential Information" under the terms of this Protective Order.

11.      Any Party may designate all or any portion of testimony given at a deposition, or documents attached as exhibits to a deposition, as "Confidential Information" or "Highly Confidential Information" by indicating on the record at the deposition that the testimony is "Confidential Information" or "Highly Confidential Information."   Further, all deposition transcripts shall be deemed "Confidential Information" for ten (10) days after their receipt by counsel for each of the Parties, during which time the Producing Party may designate

6

information contained in the transcript as "Confidential Information" or "Highly Confidential Information" by notifying counsel for the Parties in writing of any specific pages and lines of the transcript which contain "Confidential Information" or "Highly Confidential Information." The Producing Party will act in good faith designating information as "Confidential Information" or "Highly Confidential Information," and any dispute regarding said designation will be resolved in accordance with the provisions of Paragraph 14 herein.

12.      Persons may be deposed regarding "Confidential Information" or "Highly Confidential Information" of which they have knowledge. In the event any "Confidential Information" is to be used or discussed in a deposition, any Party shall have the right to exclude from attendance during such portions of the deposition involving "Confidential Information" any person other than the deponent and the persons defined in Paragraph 4. In the event any "Highly Confidential Information" is to be used or discussed in a deposition, the Producing Party shall have the right to exclude from attendance during such portions of the deposition involving "Highly Confidential Information" any person other than the deponent, counsel for the Parties, the court report, and the persons defined in Paragraph 6.

13.      Any document or testimony that is designated as "Confidential Information" or "Highly Confidential Information" which is revealed by or included in any discovery proceeding (whether formal or informal and whether in the form of depositions, transcripts, discovery answers, or document production) or in any hearing, motion, pleadings, affidavits, briefs or other documents submitted to this Court during pretrial matters, shall be subject to this Protective Order. "Confidential Information" and "Highly Confidential Information" included as part of any pleading, memorandum, or other submission shall be filed under seal. Subject to this Protective Order and further Order of the Court, nothing herein shall prevent the use of

"Confidential Information" or "Highly Confidential Information" at hearing or trial.  The Court will hear motions for the closure of limited portions of the hearings or trial of this matter should any Party deem such closure desirable or necessary.  Before discussing the substance of any "Confidential Information" or "Highly Confidential Information" at a hearing or trial, the Party intending to introduce or use such information into evidence must first notify the Court and counsel for the other Parties.  No Party shall disclose the substance of "Confidential Information" or "Highly Confidential Information" in open court until the Producing Party has been given the opportunity to object or take the necessary measures to safeguard the confidentiality of such information and obtain a ruling from the Court.  There shall be no mention to the Jury of the fact of designation under this Protective Order of a document, court paper, or testimony as "Confidential Information" or "Highly Confidential Information."

### Objection to Designation

14.     Any dispute arising under this Protective Order shall be submitted to the Court for resolution.  If any Party disagrees with the designation of any information as "Confidential Information" or "Highly Confidential Information,"  the material so designated shall nonetheless be treated as such unless and until the Producing Party agrees or the Court orders that the "Confidential Information" or "Highly Confidential Information" designation shall be removed. Any party who wishes to contest the designation of any information as "Confidential Information" or "Highly Confidential Information," shall, in writing, inform counsel for the Producing Party of its objection to the designation.  If the parties are unable to resolve the matter informally, within ten (10) days of receipt of the "Confidential Information" or "Highly Confidential Information," the objecting party may file a motion to exclude such a document from this Order.

**Return of "Confidential Information" or "Highly Confidential Information"**

15.     Within thirty (30) days after the final termination of this Litigation, whether by settlement, judgment, or decision on appeal, all originals and copies of "Confidential Information" and "Highly Confidential Information" shall be returned to the Producing Party, unless otherwise agreed to between the Parties, together with all documents containing data or information obtained, derived, or generated therefrom.  The Producing Party's counsel shall retain such information for a period of four (4) years following the conclusion of this Litigation. In the alternative, the Receiving Party may provide counsel for the Producing Party with a certification attesting that the "Confidential Information" or "Highly Confidential Information" has been destroyed, together with all documents containing data or information obtained, derived, or generated therefrom.

16.     If any "Confidential Information" or data obtained, derived, or generated therefrom, is sough through discovery from the Receiving Party by any party in any other judicial or administrative proceeding or otherwise, the Receiving Party agrees to notify Producing Party in writing within five (5) days so as to permit the Producing Party to seek a protective order from the appropriate court or take other appropriate action.

**No Waiver**

17.     Nothing in this Protective Order shall be construed as a waiver by any Party of its right to object to the subject matter of any discovery request made in this action.  The execution of this Protective Order shall not be construed as an agreement by any Party to produce any document or supply any information, and shall not constitute an admission that any designated material is relevant in any way to the issues raised in the Litigation or as a waiver of any privilege with respect thereto. Nothing contained in this Order and no designation as

"Confidential Information" or "Highly Confidential Information" shall be construed as a finding (preliminary or otherwise) that any information designated by or protected by this Order does or does not constitute confidential, proprietary or trade secret information.

18.     Neither the provisions of this Protective Order nor any disclosure by a Party pursuant to this Protective Order shall constitute a waiver at any time, or in any litigation relating to the matters referenced herein or otherwise, or any attorney/client privilege, work product doctrine, or any privilege offered by the Federal Rules of Civil Procedure.

19.     No use by any Party of any "Confidential Information" or "Highly Confidential Information" or documents or any information contained therein or derived therefrom shall abrogate any of the provisions of this Protective Order with respect to such "Confidential Information" or "Highly Confidential Information" or documents or any information contained therein or derived therefrom.

DONE this 14th day of November, 2012.

BY THE COURT:

_____

Kathleen M. Tafoya
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| | THE KULLMAN FIRM |
| *s/      Robert M. Liechty* | /s/ Rachel E. Linzy |
| Robert Liechty | Samuel Zurik III. (LSBA 24716) |
| Cross Liechty Lane PC | Rachel E. Linzy (LSBA 29317) |
| 7100 E. Belleview Ave., Ste. G-11 | 1600 Energy Centre, 1100 Poydras St. |
| Greenwood Village, CO  80111 | New Orleans, LA 70163 |
| Phone:  (303) 333-4122 | Telephone: (504) 524-4162 |
| Email:  rliechty@crossliechty.com | Facsimile: (504) 596-4114 |
| | E-mail:  SZ@kullmanlaw.com |
| *Attorneys for Claire Brainerd* | REL@kullmanlaw.com |
| | **COUNSEL FOR DEFENDANT,** |
| | **SCHLUMBERGER TECHNOLOGY CORP.** |